```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

WILLIAM RODRIGUEZ, JR.,         )
          Plaintiff,            )
                                )
     v.                         )   C.A. No.  04-40055-NMG
                                )
COMMONWEALTH OF MASSACHUSETTS,  )
et al.,                         )
          Defendants.           )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is ordered to show good cause within 42 (forty-two) days from the date of this Order as to why this action should not be dismissed for the reasons set forth herein.

ALLEGED FACTS

On April 20, 2004, pro se plaintiff William Rodriguez, an inmate at N.C.C.I.-Gardner, filed this civil rights complaint under 42 U.S.C. § 1983, along with an application to proceed without prepayment of fees.

Plaintiff's complaint names the following five defendants: the Commonwealth of Massachusetts, the Hampden County District Attorney's Office, the Massachusetts State Police; the Holyoke Police Department, and Attorney Mark G. Mastroianni. Complaint pp. 1-3. Plaintiff generally claims that the defendants falsely prosecuted him for a murder, and that he was subsequently acquitted of that charge. More specifically, plaintiff appears to claim that the Commonwealth and the

District Attorney's office falsely arrested and prosecuted the Plaintiff, Complaint p. 1; that the State Police and the Holyoke Police department threatened witnesses and falsified evidence in connection with the prosecution, Complaint p. 2.; and that plaintiff's former attorney refused to file a civil action on plaintiff's behalf after his acquittal and refused to provide plaintiff with a copy of his file, Complaint p. 3.

Plaintiff seeks $1.5 Million dollars in damages from the Commonwealth, the District Attorney's Office, and the State and Hampden Police Departments. Plaintiff seeks $175,000.00 in damages from Attorney Mastroianni.

ARGUMENT

I. Plaintiff's Complaint Is Subject To Preliminary Screening and Dismissal Pursuant To 28 U.S.C. § 1915

Because plaintiff is a prisoner, and because he seeks to proceed in forma pauperis, his complaint is subject to screening and dismissal pursuant to 28 U.S.C. § 1915A(a)-(b) (screening of prisoner complaints seeking redress from a governmental entity, officer or employee) and 28 U.S.C. § 1915(e)(2) (screening of complaints filed in forma pauperis). Under both provisions, the complaint is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992). <u>See</u> also <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (dismissal of <u>in forma pauperis</u> complaint is appropriate if the action lacks an arguable basis in either law or fact). In this case, the complaint is subject to dismissal for the reasons set forth below.

II. Plaintiff's Claims Against The Commonwealth And The Massachusetts State Police Are Subject To Dismissal Pursuant To The Eleventh Amendment

The Eleventh Amendment[1] generally is recognized as a bar to suits against a State, its departments and agencies unless the State has consented to suit. <u>Alabama v. Pugh</u>, 438 U.S. 781, 781 (1978) (per curiam). Unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, ... a State cannot be sued directly in its own name regardless of the relief sought." <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n. 14 (1985) (citing <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978)). It is also well-established that the Commonwealth has not consented to suit in Section 1983 cases, <u>see</u> <u>Brown v. Newberger</u>, 291 F.3d

---

[1] The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XIV.

89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity), nor did Congress, in enacting Section 1983, intend to abrogate the immunity afforded to states by the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 344 (1979). Thus, the Eleventh Amendment bars plaintiff's claims against the Commonwealth, and it also bars plaintiff's claims against the Massachusetts State Police, as a department or agency of the Commonwealth. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 65 (1989)(state police department not a "person" under § 1983 and, as an agency of the state, is immune from suit under the Eleventh Amendment).

III. Plaintiff's Claims Against The Hampden County District Attorney's Office Are Also Subject To Dismissal On Eleventh Amendment Immunity Grounds

Further, plaintiff's claims against the Hampden County District Attorney's Office are also subject to dismissal on Eleventh Amendment immunity grounds. The District Attorney's Office is immune from Section 1983 liability when it acts as a state representative. See Afrasiabi v. Massachusetts, 1998 Mass. Super. LEXIS 315 (Mass. Super. Mar 30, 1988) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); accord Feerick v. Sudolnik, 816 F. Supp. 879, 887 (S.D.N.Y.), aff'd 2 F.3d 403 (2d Cir. 1993) (District Attorney's Office of New York County). The District Attorney's Office acts for the

4

Commonwealth of Massachusetts in criminal matters, including criminal investigations and prosecutions within his county, see e.g., Mass Gen. Laws ch. 12, § 27 (district attorneys within their respective districts shall appear for the Commonwealth in the superior court in all cases, criminal or civil, in which the Commonwealth is a party), and is thus entitled to Eleventh Amendment immunity from suit under § 1983.

IV. **Plaintiff's Claim Against The Holyoke Police Department Is Subject To Dismissal Because The Police Department Is Not A Suable Entity Under § 1983**

Plaintiff's claim against the Holyoke Police Department is also subject to dismissal because municipal police departments are not entities subject to suit under § 1983.[2] Henschel v. Worcester Police Dep't, 445 F.2d 624, 624 (1st Cir. 1971) (per curiam)(police department is not a suable entity). See also Dwan v. City of Boston, 329 F.3d 275, 278, n.1 (1st Cir. 2003); Curran v. Boston, 1991 U.S. Dist. LEXIS 19337, C.A. No. 90-11594-N (D. Mass. 1991).

V. **Plaintiff's Claim Against His Former Attorney Is Subject To Dismissal For Lack of Jurisdiction**

Plaintiff's claim against his former attorney, Mark

---

[2] Although the municipality of Holyoke could be subject to suit under § 1983, in this case plaintiff has neither named the municipality as a defendant, nor has he alleged that the municipality had an unconstitutional policy or custom sufficient to support a claim of municipal liability under § 1983. Monell v. New York Dep't of Soc. Services, 436 U.S. 658, 694 (1978). See also Dirrane v. Brookline Police Dep't, 315 F.3d 65, 68 (1st Cir. 2002).

Mastroianni, is subject to dismissal for lack of jurisdiction. In this case, even generously construed, plaintiff's claims against this defendant are simple state-law negligence and/or breach of contract claims. Although the Court may exercise supplemental jurisdiction over plaintiff's state law claims, 28 U.S.C. § 1367(a), the exercise of that jurisdiction is discretionary, United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966), and a federal court may decline to exercise pendent jurisdiction over a plaintiff's state law claims when the federal claims drop out of the action before trial. Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995) (dismissal of state claim appropriate when no "legitimate" federal question remained in advance of trial); accord Rose v. Baystate Med. Ctr., Inc., 985 F. Supp. 211, 218-219 (D. Mass. 1997) (citations omitted).

## CONCLUSION

ACCORDINGLY, for the reasons set forth above, it is hereby ORDERED that plaintiff's complaint will be dismissed in 42 days from the date of this Order, unless plaintiff first shows good cause, in writing, as to why it should not be so dismissed.
SO ORDERED.

Dated at Worcester, Massachusetts, this 17th day of May, 2004.

_____
UNITED STATES DISTRICT JUDGE